**United States District Court**
For the Northern District of California

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10  In Re: Cathode Ray Tube (CRT)      )   MDL No.  1917
    Antitrust Litigation              )
11                                     )   Case No. 07-5944 SC
    _____   )
12                                     )   ORDER GRANTING
    CRAGO, Inc.,                       )   INDIRECT PURCHASER
13                                     )   PLAINTIFFS' MOTION TO
                 Plaintiff,            )   AUTHORIZE SERVICE ON
14                                     )   CERTAIN FOREIGN
         v.                            )   DEFENDANTS PURSUANT
15                                     )   TO FEDERAL RULE OF
    CHUNGHWA PICTURE TUBES, LTD., et   )   CIVIL PROCEDURE
16  al.,                              )   4(F)(3)
                                       )
17               Defendants.           )
                                       )
18  _____   )

19

20  **I.    INTRODUCTION**

21       This matter comes before the Court on the Indirect Purchaser

22  Plaintiffs' Motion to Authorize Service on Certain Foreign

23  Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3)

24  ("Motion").  Docket No. 344.  Defendants Koninklijke Philips

25  Electronics N.V. ("Koninklijke") and Toshiba Corporation

26  ("Toshiba") Opposed the Motion and Plaintiffs filed a Reply.

27  Docket Nos. 354, 357, 363.  The remaining Defendants affected by

28  the Motion have agreed to accept service.  See Docket Nos. 353,

1  356, 360, 361, 372.  The matter was submitted to the Honorable

2  Judge Legge, who has been appointed Special Master in this action.

3  Judge Legge conducted a hearing and issued a Report and

4  Recommendation regarding the Motion.  Docket No. 373.  After

5  considering Judge Legge's Report and Recommendation of August 29,

6  2008, and after reviewing the parties' papers, this Court GRANTS

7  Plaintiffs' Motion.

8      The Court merely notes that under Federal Rule of Civil

9  Procedure 4(f)(3)[1] and the relevant caselaw, service on foreign

10  defendants, even those who are signatories to the Hague

11  Convention, is proper under Rule 4(f)(3) where the foreign

12  defendants have domestic subsidiaries and/or counsel and where

13  service does not require transmittal abroad.[2]  See Volkswagenwerk

14  Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988) (holding

15  that the "only transmittal [of service] to which the [Hague]

16  Convention applies is a transmittal abroad that is required as a

17  necessary part of service").

18      In the present case, it is undisputed that both Koninklijke

19  and Toshiba have domestic subsidiaries and domestic counsel.  The

20  Supreme Court has stated that "[w]here service on a domestic agent

21  is valid and complete under both state law and the Due Process

22  Clause, our inquiry ends and the [Hague] Convention has no further

23

24  [1]  Rule 4(f)(3) states that "an individual  . . . may be
served at a place not within any judicial district of the United
25  States: . . . by other means not prohibited by international
agreements, as the court orders."  Fed. R. Civ. P. 4(f)(3).

26  [2]  It is undisputed that both Defendants are foreign
corporations located in countries that are signatories to the Hague
27  Convention.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    implications."  <u>Volkswagenwerk</u>, 486 U.S. at 707.  This reasoning

2    applies with equal force to service on a domestic agent under

3    federal law.  <u>See</u>, <u>e.g.</u>, <u>In re LDK Solar Sec. Litig.</u>, C No. 07-

4    5182, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (stating

5    "nothing in the [Hague] Convention bars the requested means of

6    service" under Rule 4(f)(3) upon a domestic subsidiary).

7    Defendants have provided no explanation for why transmittal abroad

8    would be required in the present case, when federal law plainly

9    permits service on Defendants' domestic subsidiaries or domestic

10   counsel.  <u>See</u> <u>Rio Prop., Inc. v. Rio Int'l Interlink</u>, 284 F.3d

11   1007, 1016 (9th Cir. 2002) (holding that "[a]pplying th[e] proper

12   construction of Rule 4(f)(3) . . ., trial courts have authorized a

13   wide variety of alternative methods of service including . . .

14   delivery to defendant's attorney").  Defendants' argument that

15   service under Rule 4(f)(3) is somehow prohibited by the Hague

16   Convention in the present circumstances is, accordingly, without

17   support.

18       The Hague Convention applies only when transmittal abroad is

19   required.  Because Koninklijke and Toshiba have domestic

20   subsidiaries and domestic counsel, transmittal abroad for service

21   is not required.  The Hague Convention therefore does not prohibit

22   service on Defendants under Rule 4(f)(3).[3]  Plaintiffs' Motion is

23

24       [3]  For this reason, Defendants' reliance on a footnote from
     <u>Rio Properties</u> is misplaced.  <u>See</u> <u>Rio Properties</u>, 284 F.3d at 1015
25   n.4 (stating that a "federal court would be prohibited from issuing
     a Rule 4(f)(3) order in contravention of an international
26   agreement, including the Hague Convention").  As the Hague
     Convention, for the reasons stated above, does not apply, this
27   footnote is inapposite.

28                                      3

**United States District Court**
For the Northern District of California

1   GRANTED.

2        The hearing on this Motion scheduled for Friday, September 5,

3   2008, is hereby VACATED.

4

5

6        IT IS SO ORDERED.

7

8        Dated: September 3, 2008



9                                        _____

10                                       UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    4